UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CY EXPO LLC,<br><br>　　　　　　Defendant. | CASE NO. 2:24-cv-00866-TL<br><br>ORDER GRANTING DEFAULT JUDGMENT |

This matter is before the Court on Plaintiff Northwest Administrators, Inc.'s ("Plaintiff" or "Northwest") Motion for Entry of Default Judgment. Dkt. No. 11. Having considered the relevant record, the Court GRANTS the motion for default judgment against Defendant Cy Expo LLC ("Defendant" or "Cy Expo").

I.　　BACKGROUND

Plaintiff Northwest is the authorized administrative agency for and the assignee of the Western Conference of Teamsters Pension Trust Fund (the "Trust"). Dkt. No. 1 at 1. Plaintiff alleges that Defendant is bound to a collective bargaining agreement under which it is required to

"promptly and fully report for and pay monthly contributions to the Trust at specific rates for each hour of compensation" that Defendant pays to its eligible employees. *Id.* at 2. Plaintiff asserts that after conducting an audit of Defendant's payroll records for the period January 1, 2018 through May 31, 2022, it found that Defendant is obligated to the Trust for contributions in the amount of $25,624.00 and liquidated damages in the amount of $5,124.80. *Id.* at 3.

On June 17, 2024, Plaintiff initiated this action, seeking monetary damages for the contributions and liquidated damages owed to the Trust, accrued interest, and attorney's fees and costs incurred in connection with Defendant's obligations. *Id.* at 3–4. On August 14, 2024, Plaintiff filed proof of service attesting that Defendant was served at 9550 S Eastern Ave Ste. 253, Las Vegas, Nevada, 89123. Dkt. No. 6. Service was proper because the required documents were left with a person of suitable age who identified themselves as the Cy Expo receptionist, although she refused to give her name. *Id.*; *see also* Fed. R. Civ. P. 4(e)(1); Nev. R. Civ. P. 4.2(c)(1)(A)(x). Defendant has not noted an appearance or otherwise responded to service of process. On Plaintiff's motion, default was entered by the Clerk pursuant to Federal Rules of Civil Procedure, Rule 55(a) and Local Civil Rule 55. Dkt. Nos. 7 (motion), 8 (entry of default). Plaintiff now moves for default judgment. Dkt. No. 11.

## II.  LEGAL STANDARD

### A.  Entering Default Judgment

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a
> plaintiff's substantive claim, (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action; (5) the possibility of a
> dispute concerning material facts; (6) whether the default was due
> to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure.

*Id.* at 1471–72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "However, necessary facts not contained in the pleadings, and the claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *see also Little v. Edward Wolff & Assocs. LLC*, No. C21-227, 2023 WL 6196863, at *3 (W.D. Wash. Sept. 22, 2023) (quoting *Cripps*). Damages are also limited to what was reasonably pleaded. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

**B.     Attorney Fees**

"To recover attorneys' fees and costs on default judgment, the plaintiff 'must specify the judgment and the statute, rule, or other grounds [so] entitling' her." *In re Ferrell*, 539 F.3d 1186 (9th Cir. 2008) (quoting Fed. R. Civ. P. 54(d)(2)(B)(ii)). Additionally, in assessing requests for attorney fees, courts in this Circuit consider the reasonableness of the request "based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate [the lodestar calculation], and then adjusted in accordance with the factors laid out in *Kerr v. Screen Extras Guild, Inc.*," *N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co.*, No. C14-1680, 2016 WL 4533055, at *5 (W.D. Wash. Jan. 27, 2016), which are:

> (1) the time and labor required, (2) the novelty and difficulty of the
> questions involved, (3) the skill requisite to perform the legal
> service properly, (4) the preclusion of other employment by the
> attorney due to the acceptance of the case, (5) the customary fee,
> (6) whether the fee is fixed or contingent, (7) time limitations
> imposed by the client or the circumstances, (8) the amount

involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992); *accord Burkhalter v. Burkhalter*, Nos. C22-55909, C22-55910, C22-55912, C22-55913, 2023 WL 7490053, at *3–4 (9th Cir. Nov. 13, 2013) (finding an abuse of discretion where a court failed to address relevant reasonableness factors set forth in Kerr after calculating the lodestar when reviewing a request for attorney fees). The *Kerr* analysis must be completed even in the context of motions for default judgment. *N. Seattle Health Ctr. Corp.*, 2016 WL 4533055, at *5.

### III.   DISCUSSION

**A.   Propriety of Default Judgment**

Accepting the allegations in the Complaint as true and considering the *Eitel* factors, the Court finds that default judgment is appropriate.

First, Plaintiff and the Trust's beneficiaries would be prejudiced absent an order of default judgment for the amounts due to the Trust for bargained-for benefits. Second, taking the allegations in Plaintiff's complaint as true, Plaintiff has sufficiently pleaded potentially meritorious claims for delinquent contributions. *See* Dkt. No. 1 at 2–3; *see also PepsiCo, Inc. v. Calif. Sec'y Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (explaining how the Ninth Circuit has interpreted two of the *Eitel* factors to require plaintiffs to state a claim on which they can recover). Third, the sum of money at stake is relatively low, no more than what Defendant owes Plaintiff, and in line with the amounts that other courts have approved for a grant of default judgment. *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (stating that this factor accounts for "the amount of money requested in relation to the

seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by defendant's conduct" (internal citations and quotation omitted)); *see also id.* at 1223 (finding award of damages of approximately $150,000 appropriate on default judgment); *Microsoft Corp. v. Lopez*, No. C08-1743, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7, 2009) (finding a statutory damages award of $30,000 appropriate on default judgment). Fourth, the Court finds no evidence suggesting a likelihood of disputes concerning material facts. Fifth, there is no evidence that that default was due to excusable neglect, as Plaintiff has shown that Defendant was properly served but Defendant failed to appear in this action. *See* Dkt. No. 6. The *Eitel* factors thus favor entry of default judgment, notwithstanding the strong policy under the Federal Rules of Civil Procedure that claims be resolved through contested litigation.

**B.     Amount of Damages to be Awarded**

Plaintiff's complaint seeks delinquent contributions, liquidated damages, pre-judgment interest, and attorney fees and costs. Dkt. No. 1 at 3–4. According to the complaint, by entering into a collective bargaining agreement with Local 631 of the International Brotherhood of Teamsters, Defendant "agreed to pay liquidated damages equal to twenty percent (20%) of all delinquent and delinquently paid contributions due to the Trust, together with interest . . . as well as attorney's fees and costs . . . ." Dkt. No. 1 at 3. Plaintiff specifies that Defendant is obligated to the Trust in the amount of $25,624.00 for the time period January 1, 2018 through May 31, 2022. *Id.* Thus, Defendant had adequate notice of the scope and size of the damages award that would be requested. *See Gray Ins. Co. v. Lectrfy, Inc.*, No. C13-1411, 2014 WL 12689270, at *6 (C.D. Cal. Mar. 3, 2014) (explaining that the purpose of Rule 54(c)'s command that a default judgment "shall not be different in kind from or exceed in amount that which is prayed for in the complaint" is to allow the defending party to determine "whether to expend the time, effort, and

money necessary to defend the action" (quoting Fed. R. Civ. P. 54(c) (alterations in original) and 10 Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc. § 2663 (3d ed. 1998)). *Cf. Finkel v. Triple A. Grp., Inc.*, 708 F. Supp. 2d 277, 281–82, 291 (E.D.N.Y. 2010) (adopting report and recommendation entering default judgment in favor of ERISA administrator seeking unpaid contributions, even for contributions other than those identified in the complaint, where complaint gave defendants notice that plaintiff would seek future unpaid contributions that accrued during the litigation).

Further, Plaintiff provides evidentiary support for its claim that Defendant owes $25,624.00 for the relevant time period (Dkt. No. 12-10 at 9), its claim that Defendant is obligated for liquidated damages of 20% of the delinquent contributions (Dkt. No. 12-1 at 14; Dkt. No. 12-2 at 14), and its claim that Defendant is obligated for accrued interest (Dkt. No. 12-1 at 14; Dkt. No. 12-2 at 14).

Accordingly, the Court finds that Plaintiffs have submitted sufficient evidence alongside the default judgment motion to demonstrate that Defendant owes the following amounts based on its allegations: (1) $25,624.00 for delinquent pension contributions; (2) $5,124.80 for liquidated damages; and (3) $6,932.15 for interest. *See* Dkt. Nos. 12-10, 12-11, 13-2 at 2-3. The Court also finds that post-judgment interest shall accrue at $5.60 per day from the date of entry of this judgment. Dkt. No. 12 at 15; Dkt. No. 12-11.

**C.    Propriety of Attorney Fees and Costs**

Plaintiff also requests attorney fees and costs. Dkt. No. 11 at 5–6. Specifically, Plaintiff requests $2,307.00 in attorney fees and $530.00 in court costs. Dkt. No. 13 ¶ 15; *see also* Dkt. No. 13-3. These attorney fees appear reasonable in light of the experience and skill of counsel and the non-attorneys performing the work, the rates requested and hours expended, and the efforts and results achieved. *See Trs. Of Constr. & Laborers Health & Welfare Tr. V. Redland*

*Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) ("fees for work performed by non-attorneys may be billed separately, at market rates, if this is 'the prevailing practice in a given community'" (quoting *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 287 (1989))). Approximately 5.72 hours of attorney time (billed at $300/hour) was spent on this case, and the non-attorney billable rates used were $120 and $60, respectively. Dkt. No. 13-3. Further, it appears that fees requested are in-line with or lower than those awarded in default judgment cases in this District, particularly given the damages recovered and the modest sum requested in attorney fees. *See, e.g.*, *Little v. Edward Wolff & Assocs. LLC*, No. C21-227, 2023 WL 6196863, at *8 (W.D. Wash. Sept. 22, 2023) (awarding over $5,500 in attorney fees and costs alongside a $1,000 damages award); *Nw. Admins., Inc. v. KCD Trucking, Inc.*, No. C22-1641, 2023 WL 4027597, at *3 (awarding a union trust fund's request for nearly $800 in attorney fees and $482.00 in costs alongside just $2,312 for delinquent contributions); *Jung v. Liberty Mut. Fire Ins.*, No. C22-5127, 2023 WL 3204595, at *5 (W.D. Wash. May 2, 2023) (awarding over $6,500 in attorney fees alongside a damages award of less than $6,000). The Court thus finds that the *Kerr* factors lean in favor of an award of costs and fees.

### IV.   CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 11). The Court GRANTS Plaintiff's request for damages related to delinquent pension contributions, liquidated damages, and interests, as well as attorney fees and costs. The Court DIRECTS entry of default judgment in the amount of $40,517.95 as detailed within, broken down as follows:

1. $25,624.00 for delinquent pension contributions;
2. $5,124.80 for liquidated damages;
3. $6,932.15 for interest;

      4. $2,307.00 for attorney fees; and

      5. $530.00 for costs.

Post-judgment interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961(a).

Dated this 20th day of December 2024.

*[signature]*

Tana Lin
United States District Judge

ORDER GRANTING DEFAULT JUDGMENT - 8